UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL GEORGE YOUNG, JR.,
STEVEN TOMPKINS, RODNEY
DICKERSON, KENNETH J.
DUBEAU, JAURON C. BRYAN,
JOSE PEREZ, ANTONIO THOMAS,
GARY MARTIN DIPIETRO,
CHRISTOPHER FURLAN, BRIAN
PATTERSON, DAVIAN GREEN,
MELTZ VAL CELESTIN, NELSON
XAVIER BORGES, and ROBERT
FUSNER,

　　　　Plaintiffs,

v.                                    Case No: 2:16-cv-581-FtM-99CM

MIKE SCOTT, Sheriff, FNU
ELLENGOOD, Chief, THOMAS
EBERHARDT, Colonel, JAMES
BARACCO, Major, FNU HALL,
Major, KEVIN KOLLER,
Captain, MIA RODGERS,
Captain, DUANE SIMON,
Lieutenant, FNU ANDERSON,
Lieutenant, LARRY G. VAUGHN,
President, JOHN D. GREER,
Vice President, D. KIPP,
Asst. Food Services
Director, RAMONDA SUTTON,
Kitchen Staff, Jail, MIKE
HENNESSEY, Kitchen Staff,
Core Building, FNU KIRCH,
MS. , Registered Dietician,
JOHN MANNING, County
Commissioner, CECIL
PENDERGRASS, County
Commissioner, LARRY KIKER,
County Commissioner, BRIAN
HAMMAN, County Commissioner,
FRANK MANN, County
Commissioner, ROGER
DESJARLAIS, County
Commissioner, RICHARD WESCH,
County Commissioner, ANDREW

SMALL, Former Health
Services Administrator,
RONDA MASON, Current Health
Services Administrator,
LOURDES CARRERO, Dr.,
SHIRLETTE THOMAS, P.A., FNU
DA ROSS, Former Sgt. in
charge of the C.E.R.T Team,
FNU HUTCHINSON, Currently in
charge of the C.E.R.T Team,
FNU CALHOUN, Officer, FNU
MILLER, Officer, FNU
BOURGESS, Officer, FNU
BELLIUS, Officer, and FNU
LOPEZ, Officer,

       Defendants.

_____

### ORDER OF DISMISSAL

This matter comes before the Court upon a putative class action complaint filed by thirteen inmates and former inmates of the Lee County Jail in Fort Myers, Florida (Doc. 1, July 26, 2016). Plaintiff Young is the proposed representative of the class action. Plaintiff Young filed a motion to proceed *in forma pauperis* (Doc. 6, filed August 12, 2016). An amended complaint is presently before the Court (Doc. 10).

Because the plaintiffs seek leave to proceed *in forma pauperis*, the Court must review the complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). After conducting an initial review, this action is **DISMISSED** without prejudice for failure to state a claim on which relief may

be granted.  Each plaintiff my file a separate complaint and pay a separate filing fee should he or she wish to proceed.

I.   **Complaint**[1]

Each plaintiff is an inmate or former inmate at the Lee County Jail in Fort Myers, Florida (Doc. 10 at 33).  The 48-page amended complaint generally argues that inmates at the Lee County Jail are subjected to cruel and unusual punishment and other constitutional violations because:

The meals served at the jail are not wholesome, substantial, or nutritious;

The inmates' personal property is often destroyed during facility shakedowns and transfers;

The inmates' windows do not provide sunlight or a view of the outside world;

The inmates are fed an insufficient number of daily fruits and vegetables and do not receive three cups per day of dairy products;

The inmates are not allowed to receive "new updated books from vendors";

The inmates cannot visit with family or friends via electronic communication;

---

[1] Although written in numbered paragraphs, the lengthy complaint presents a jumbled narrative which makes it impossible to discern the nature of the alleged constitutional violations. To the extent Plaintiff intended to raise additional claims or to allege facts not considered in this Order, such claims are dismissed for failing to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The inmates are only allowed to receive post-card correspondence from family and friends which is not private;

The inmates are not allowed to print legal information; type legal motions; or call their attorneys' toll-free numbers to seek legal advice;

There is very little privacy in the jail, and it is noisy and cold;

The inmates are only provided a black mesh bag, and no locker or footlocker for personal items;

The canteen is too expensive and inmates are not allowed to order items from online sources;

The inmates are not allowed to have toothbrushes with handles;

The inmates are not allowed to possess a radio to listen to music and relieve stress and tension;

Non-violent inmates with violent charges are not allowed to do trusty work;

Recreation is limited to three hours per week;

Board games have been removed from the jail;

The inmates do not receive education;

Television is only shown for four hours per day;

The visitation booths do not always function properly;

The inmates are given insufficient time to shower, clean their room, make phone calls, and check their emails; and

Inmates at the Lee County Jail are not treated as well as prisoners incarcerated by the Florida Department of Corrections.

(Doc. 10 at 16 - 37).   The plaintiffs seek injunctive relief; three million dollars in compensatory damages; one million dollars in punitive damages; ten thousand dollars in nominal damages for each plaintiff; and declaratory relief (Doc. 10 at 40-41).

## II.   <u>Standard of Review</u>

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e).   The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Specifically, the section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A)   the allegation of poverty is  untrue; or
>
> (B)   the action or appeal-
>
>> (i)   is frivolous or malicious;
>>
>> (ii) fails  to  state  a  claim  on which relief may be granted; or
>>
>> (iii)seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A  complaint  may  be  dismissed  as  frivolous  under  § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).   A claim is

frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327.   In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6).   See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).   Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

### III. <u>Analysis</u>

*a.   Pleading Deficiencies*

Plaintiff has submitted the type of pleading the Federal Rules of Civil Procedure are designed to prevent. Rule 8 requires a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting <u>Twombly</u>, 550 U.S. at 555)).  Rule 10 further provides, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b).  Rules 8 and 10 work together and "'require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" <u>Fikes v. City of Daphne</u>, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Here, the amended complaint represents a confusing mixture of allegations,   relevant   facts,   irrelevant   facts,   disjointed

narrative, and conclusory accusations (Doc. 10).   In fact, the plaintiffs do not name a single defendant in the body of the complaint, much less associate him or her with any specific claim. It is the type of pleading that renders it impossible for a defendant to answer and must be dismissed under Rule 8 for that reason.

   **b.   *Class Certification***

   A district court has broad discretion in determining whether to certify a class. See <u>Washington v. Brown & Williamson Tobacco Corp.</u>, 959 F.2d 1566, 1569 (11th Cir. 1992).   Rule 23(a) of the Federal Rules of Civil Procedure lists the prerequisites to a class action as:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).   The party requesting class certification bears the burden of proving that each of these prerequisite has been met. See <u>Gilchrist v. Bolger</u>, 733 F.2d 1551, 1556 (11th Cir. 1984).   In addition, the party must prove the proposed class properly falls into one of the subsections of Rule 23(b) of the Federal Rules of Civil Procedure. The plaintiffs propose a class of individuals who are "[a]ll formally [sic] Lee County Jail held detainees" (Doc. 10 at 22).

The plaintiffs fail to establish any of the above conditions under Rule 23(a) or (b).   Most significantly however, Michael Young, Jr., a *pro se* litigant, cannot prosecute a class action in this Court. See Ferentinos v. Kissimmee Util. Auth., No. 6:13-cv-1728, 2014 WL 2993571, at *12 (M.D. Fla. July 2, 2014), aff'd, 604 F. App'x 808 (11th Cir. 2015).   Rule 23 requires the class representative to demonstrate that he will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); see also London v. Wal-Mart Stores, Inc., 340 F.3d 1246, 1253 (11th Cir. 2003).   A *pro se* litigant cannot serve as an adequate class representative. See Ferentinos, 2014 WL 2993571, at *12; Smith v. Polk Cnty., Fla., No. 8:05-cv-884, 2005 WL 1309910, at *1 (M.D. Fla. May 31, 2005) ("[i]t would be plain error to allow a *pro se* litigant to represent fellow inmates in a class action") (citation omitted); Ali v. United States Parole Comm'n, No. 06-0235, 2007 WL 902312, at *4-5 (D.D.C. March 23, 2007) ("The Court agrees with this substantial precedent that a *pro se* litigant is not a suitable class representative").   Thus, the plaintiffs cannot proceed with this class action.

### c.   Amendment

Although the defects in the amended complaint cannot be cured by amendment at this stage of litigation, each individual plaintiff may be able to state his own individual claim[s] by filing a new complaint in a new case.   Should any plaintiff choose to file a

new complaint, he is admonished to adhere to the Federal Rules of
Civil Procedure, particularly Rule 8, when amending.  The amended
complaint must not exceed 25 pages in length and each claim must
be separately numbered. The plaintiff must place his full name,
and only his name, as the plaintiff in the style of the case on
the first page of the civil rights complaint form.  Further, he
should write his full name and address in the appropriate sections
of the civil rights complaint form and provide the full name and
current address for each defendant.

The plaintiff must state what rights under the Constitution,
laws, or treaties of the United States have been violated in the
section entitled "Statement of Claim."  It is improper for the
plaintiff to merely list constitutional rights or federal rights;
he must provide brief support in the statement of facts for the
claimed violations. However, the plaintiff should not include
argument in his amended complaint. Citations of case law and
statutes are not appropriate in the complaint, but rather may be
included at the time of trial or in a motion for summary judgment.

In amending, the plaintiff must name as defendants only those
persons who are responsible for the alleged constitutional
violations.  If the plaintiff cannot state exactly how a
particular defendant harmed him, he should delete or drop that
person as a defendant from his complaint.  In addition, where a
plaintiff seeks to impose liability on one who is not an active

participant in the alleged constitutional deprivation, he must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  <u>Williams v. Bennett</u>, 689 F.2d 1370, 1380-1381 (11th Cir. 1982).

Plaintiff should be aware that 42 U.S.C. §§ 1997e(a) and (e) contain conditions that a prisoner must satisfy before pursuing a federal civil rights complaint.  Specifically, under subsection (a), Plaintiff must fully exhaust all available administrative duties before pursuing a civil rights complaint concerning prison conditions.  Subsection (e) limits a prisoner's ability to pursue a federal civil action to recover damages for mental or emotional injuries suffered while in custody.[2]  Plaintiff must comply with the requirements of these subsections.

Finally, many of the claims raised in the instant complaint appear to be unrelated to each other.  For example, the plaintiffs' claims that they do not get the latest reading material from the

---

[2] A plaintiff cannot avoid § 1997e(e)'s limitation on monetary damages, as is attempted in the instant complaint, by requesting a significant amount of "nominal damages." Nominal damages are generally limited to one dollar. <u>See</u> <u>Carey v. Piphus</u>, 435 U.S. 247, 266-67 (1978) (holding if plaintiffs were entitled to nominal damages for the mere violation, the damages should not exceed one dollar); <u>Kyle v. Patterson</u>, 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."); <u>Harrison v. Myers</u>, No. 10-0566-KD-N, 2011 WL 3204372, at *7 (S.D. Ala. July 13, 2011) (prisoner's request of $2,500 was not for nominal damages inasmuch as nominal damages implies a mere token or trifling).

library is completely unrelated to claims that the temperature of the jail is uncomfortable.  If claims are not related to the same basic issue or incident, then each must be raised in a separate suit to prevent confusion and to ensure that the plaintiffs pay the required filing fees. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that [plaintiffs] pay the required filing fees[.]").

Accordingly, it is hereby **ORDERED**:

1.    The amended complaint (Doc. 10) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The dismissal is without prejudice to each named plaintiff filing his own complaint along with a motion to proceed *in forma pauperis*.

2.    The **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this   23rd   day of August, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Michael George Young, Jr., Steven Tompkins, Rodney
Dickerson, Kenneth J. Dubeah, Jauron C. Bryon, Jose Perez,
Antonio Thomas, Gary Margin DePietro, Christopher Furlan, Brian
Patterson, Davian Green, Meltz Van Celestin, Nelson Xavier
Borges, and Robert Fusner